UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CANAN KOCAR,                                          Civil Action No.: 19-cv-11508(AT)(KNF)

                Plaintiff,

      v.

THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

                Defendant.
----------------------------------------------------------------X

**STIPULATION AND [PROPOSED] ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL AND/OR PRIVILEGED INFORMATION**

WHEREAS, this matter having come before the Court by stipulation of Plaintiff Canan Kocar and Defendant The Port Authority of New York and New Jersey (collectively, the "Parties") in the above-captioned litigation (the "Litigation"), for the entry of a protective order limiting the review, dissemination, and filing of Confidential Information (as hereafter defined) to be produced by either Party or by third parties;

WHEREAS, the Parties agree that discovery in this case will be requested and provided solely for the purpose of the Litigation;

IT IS HEREBY STIPULATED, AGREED, AND ORDERED that the following procedures, terms, and conditions shall govern all discovery, including without limitation the production, exchange, and use of all document production (electronic or otherwise), testimony, interrogatory responses, and other information produced, given, provided, or exchanged ("Discovery Materials") among the Parties to the Litigation:

**Designation of Discovery Materials as Confidential**

1. <u>Discovery Materials</u>. This agreement (the "<u>Confidentiality Order</u>") shall apply to any

information, document, or thing that has been or will be produced by any of the Parties, or third parties, who produces Discovery Materials pursuant to this Order (said party or third party hereafter referred to as "the Producing Party") in discovery or otherwise in the Litigation (the "<u>Discovery Materials</u>"). Discovery Materials shall also include, without limitation, testimony and information adduced at depositions and deposition exhibits; responses to interrogatories and requests for admission (and documents produced in connection with such responses); documents and things produced in discovery voluntarily or in response to any type of request or requirement, to the extent such Discovery Materials are or were produced or provided by any of the Parties or third parties during the course of Litigation.

2. <u>Confidential Materials</u>. Any Party, including those Parties' officers, directors, employees, or agents and their attorneys, agents, and assigns, subject to or participating in discovery of this Litigation, whether or not a party to this Litigation, and any third party who produced Discovery Materials covered by this Order (the "<u>Designating Party</u>") may designate as "Confidential" that portion of any Discovery Material produced or disclosed in the Litigation that the Designating Party in good faith believes meets the criteria in Paragraphs 3 or 4 below, provided that Confidential Information shall not include:

   a. Documents or information that is at any time independently conceived, developed, or discerned by the Receiving Party (as defined in Paragraph 4 below) without use of, or reliance upon, any of the other Party's Confidential Information; or

   b. Documents or information that were, prior to disclosure, rightfully in the possession of the Receiving Party; or

    c. Documents or information that are publicly available, other than in violation of this Confidentiality Order or any other legal obligation or documents or information that was, is, or becomes public knowledge, other than in violation of this Confidentiality Order or any other legal obligation.

3. <u>Discovery Materials Designated Confidential</u>. A Designating Party may designate as "Confidential" information that includes, without limitation:

   a. private and/or personal information, including, but not limited to, personal identifying information (such as addresses, social security numbers and/or dates of birth);

   b. studies or analyses by internal or outside consultants or experts;

   c. information concerning Defendant's trade secrets, research and development plans, business plans, practices, strategies, finances, proprietary technology, data, research, employee data, records, professional development materials, inventions, discoveries, and/or trademarks;

   d. communications among or between Defendant and its agents, employees, and/or third parties other than Plaintiff, including attachments to those communications;

   e. communications with any governmental or nongovernmental regulators or agencies, including attachments to those communications; and

   f. information that a Party, or any third party, is otherwise required by contract, law, or regulation to protect from disclosure.

4. Any party to this litigation shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is believed by the Designating Party to be highly likely to cause

significant harm to an individual or to the business or competitive position of the Designating Party. Any party to this litigation who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY—SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

5. The foregoing described in Paragraphs 3 and 4 is collectively referred to herein as "Confidential Information."

6. Confidential Treatment. Confidential Information shall be maintained in confidence and shall not be disclosed by any Party or any third party that is or may become subject to this Order that receives the Confidential Information (the "Receiving Party") in any manner or form, written or oral, to any person other than the following:

    a. the named parties to the Litigation;

    b. the Receiving Party's counsel participating in the Litigation and any legal, clerical, support, or other staff, including temporary, voluntary, or contract staff, provided that access of such personnel to such documents is in connection with their work related to the Litigation;

    c. expert witnesses, consultants, or other individuals who are employed, retained, or consulted by the Receiving Party or its counsel in connection with the Litigation, provided that counsel requires their assistance and that disclosure is limited to that information necessary in light of the purpose for such disclosure, and further provided that any notes, documents, or reports created by such expert or consultant or other individual relying on or

      incorporating Confidential Information in whole or in part shall be designated as Confidential Information by the Party responsible for its creation, and provided that such person has executed a Non-Disclosure Declaration and/or Acknowledgement (See Exh. A-B);

   d. any author or original recipient of the Confidential Information;

   e. deponents and trial witnesses or reasonably likely witnesses in the Litigation, where such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery, provided that such person has executed a Non-Disclosure Declaration and/or Acknowledgement (See Exh. A-B);

   f. any person whom a named Party intends in good faith to call as a witness in any deposition, hearing, or at trial in this action and that person's attorney to the extent reasonably necessary to prepare for and provide his or her testimony, and provided that such person has executed a Non-Disclosure Declaration and/or Acknowledgement (See Exh. A-B);

   g. the United States District Court, Southern District of New York (the "Court") and its personnel, including any mediator in connection with the Litigation;

   h. court reporters, their staffs, and professional vendors of litigation services to whom disclosure is reasonably necessary for purposes of the Litigation; and

   i. any other person, with the express written authorization of the Designating Party, or upon Order of the Court.

7. Safeguards. Any recipient of Discovery Materials Designated Confidential and/or Confidential Information covered by this Confidentiality Order shall employ reasonable physical, technical, and administrative safeguards to protect the security and

confidentiality of such Confidential Information while in his or her possession and control.

8. <u>Depositions</u>. During any deposition or interview, if counsel for any Party reasonably believes that any answer to a question will result in the disclosure of Confidential Information, counsel may require that all persons other than the witness, reporter, counsel, and individuals entitled to view the Confidential Information as defined in Paragraph 5 leave the room during the relevant portion of the deposition or interview. Any Party shall have the right to designate on the record, or within ten (10) business days following receipt of the final transcript of the deposition, any portion of the deposition transcript as Confidential Information, subject to the guidelines established in Paragraphs 3 or 4 above. Transcripts of testimony or portions thereof so designated during the deposition may, at the option of any Party, be appropriately marked.

9. <u>Non-Disclosure Declaration</u>. Counsel for a Receiving Party shall provide a copy of this Confidentiality Order to a representative of any professional firm or individual who is retained in connection with the Litigation and is otherwise entitled to receive Confidential Information pursuant to the terms of this Confidentiality Order (the "<u>Permitted Recipients</u>"), and the Permitted Recipient must execute a Non-Disclosure Declaration in the form annexed as Exhibit A hereto prior to receiving any Confidential Information.

10. <u>Filing of Discovery Materials Designated Confidential and/or Confidential Information</u>. All Confidential Information, or information derived therefrom, to be included in any papers filed with the Court or submitted thereto, or otherwise made part of the record in the Litigation, shall be labeled "Confidential – Subject to Court Order" and filed under seal and kept under seal until further Order of this Court.

11. <u>Meet and Confer</u>. Counsel shall confer in good faith on such procedures as are necessary

to protect the confidentiality of Confidential Information used in the course of any court proceeding, and in the event counsel cannot agree on such procedures, the question shall be submitted promptly, in writing to the Court in which the materials are to be used for resolution, pursuant to that Court's Individual Practice Rules for the resolution of disputes.

12. <u>No Waiver</u>. The failure to designate any Discovery Materials as Confidential Information does not constitute a waiver of such claim. If at any time any of the Parties believes that certain testimony or some portion of Discovery Materials that was previously produced should have been designated as Confidential Information, that Party must promptly notify all of the other Parties who have received such testimony or Discovery Materials in writing, and such designated testimony or portion of Discovery Materials will thereafter be treated as Confidential Information under the terms of this Confidentiality Order. If such information has been disclosed by a Receiving Party between the time of production or receipt of the transcript containing the testimony and the time at which a Party gives notice that the Discovery Materials are to be designated as Confidential Information, such disclosure shall not be construed to constitute a violation of this Confidentiality Order.

13. <u>Disputes Over Designation of Discovery Materials</u>. In the event that any Party objects to any designation of testimony or Discovery Materials as Confidential Information (the "<u>Objecting Party</u>"), the Objecting Party shall notify the other Parties who have received such testimony or Discovery Materials in writing, stating the grounds of the objection. The Parties shall have ten (10) business days following the Designating Party's receipt of an objection from the Objecting Party to attempt to resolve the objection, at the end of which the Objecting Party may seek a ruling from the Court pursuant to the Court's individual rules and procedures that such information should not be treated as

7

Confidential Information. The Designating Party shall have the burden of proving that the Confidential Information designation is necessary and appropriate. Information that is subject to such dispute shall be treated as Confidential Information prior to such a determination by the Court.

### Inadvertent Production and Clawback

14. If Discovery Materials protected or prohibited from disclosure by law, regulation, this Agreement, or any other privilege or protection ("Protected Materials") are inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information (or the same or related subject matter) that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege, immunity, or other protection.

15. If a Disclosing Party inadvertently produces Protected Materials, the Receiving Party agrees that immediately upon notification by the Disclosing Party after the discovery of such inadvertent production, the Receiving Party will either (a) use all commercially reasonable efforts to return or destroy the document(s) in question as well as any ESI, copies, data, or summaries reflecting the contents of same and take reasonable steps to retrieve the information if the party disclosed it before being notified; or (b) within ten (10) business days of notification inform the Disclosing Party in writing of the basis for the Receiving Party's objection to doing so. In the event that a Receiving Party objects to the return or destruction of any document(s) requested by the Disclosing Party (the "Disputed Documents"), the Parties agree to (i) not use or disclose the information and/or document at issue until the objection is resolved; and (ii) meet and confer in good faith within ten (10) business days of the Disclosing Party's receipt of the Receiving Party's

objection to attempt to resolve any disagreement over the Disputed Documents. To the extent that the Parties cannot resolve the dispute in good faith within ten (10) business days of this meet and confer, the Receiving Party may then seek a ruling from the Court pursuant to the Court's individual rules and procedures that such information should not be treated as Protected Material. In the event that the claim of protection of the Disclosing Party is sustained, the Receiving Party agrees to use all commercially reasonable efforts to return or destroy, within ten (10) business days from the date of such determination, the document(s) in question as well as any ESI, copies, data, or summaries reflecting the contents of same. In the event that the claim of protection of the Disclosing Party is not upheld, the Receiving Party may make use of the Disputed Documents in accordance with the provisions set forth herein.

16. <u>No Admission Regarding Admissibility or Relevancy</u>. Nothing in this Confidentiality Order shall be construed to affect in any way the admissibility or relevance of any Discovery Material or other evidence produced or exchanged.

17. <u>Binding Effect</u>. The Parties agree to submit this agreement for entry by the Court and to be bound by its terms while awaiting its entry by the Court. The provisions of this Confidentiality Order shall, absent written consent of all of the Parties or further Order of the Court, continue to be binding throughout the conclusion of the Litigation and any related proceedings, including without limitation any appeals therefrom. Within sixty (60) calendar days after receiving notice of an entry of an order, judgment, or decree finally disposing of the Litigation and any related proceedings, including the exhaustion of all possible appeals and other review, the Parties shall either (i) return all Confidential Information and all copies thereof (including summaries and excerpts and including all such material provided by a Party to any other persons, whether or not in accordance

herewith) to counsel for the Party that produced or disclosed such materials, or (ii) destroy or cause to be destroyed all Confidential Information, and provide written confirmation of such destruction. As to documents that have been received electronically and that cannot be returned, deleted, or destroyed, the recipient must take reasonable measures to ensure that unauthorized persons do not have access to Confidential Information present on the recipient's computer, server, or any backup media. Notwithstanding the foregoing, counsel to any Party shall be entitled to retain court papers, deposition and court transcripts, and work product prepared by the Receiving Party or its Permitted Recipients, including, without limitation, analyses, studies, summaries, or other documents or materials ("Work Product"), that refer to or relate to Confidential Information.

18. Additional Parties. Additional parties may be added to this Confidentiality Order in the future in the following manner: Any additional party that has executed and delivered to all existing Parties a complete and executed Acknowledgment in the form attached hereto as Exhibit B shall become subject to all of the provisions of this Confidentiality Order as if the additional party were an original Party. The Confidentiality Order shall apply to any new signatories without the Parties having to submit the agreement to the Court to be so-ordered.

19. Continuing Jurisdiction. The Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Confidentiality Order upon appropriate motion by a party in interest. Nothing herein shall preclude the Parties, upon prior unanimous consent, from seeking resolution of disputes relating to this Confidentiality Order through a mediation or a similar method of alternative dispute resolution. Any Party bound by this Confidentiality Order and found in violation of this Confidentiality Order shall be subject

to sanctions at the discretion of the Court and/or any other penalties available in law or equity.

20. <u>Irreparable Damages</u>. A Receiving Party acknowledges that irreparable damages would occur to a Designating Party if Confidential Information were disclosed in violation of this Confidentiality Order, that remedies at law alone for any actual or threatened breach by the Receiving Party shall be inadequate, and that the Designating Party will be entitled to equitable relief including injunction and specific performance, in the event of each and any breach of the provisions of this Confidentiality Order. Any party alleging an actual or threatened breach of this agreement agrees to give the other Party(s) written notice of the alleged breach as soon as practicable *i.e.*, as soon as the actual or threatened breach is known to the alleging Party, so that the other party may be offered an opportunity to cure the alleged violation.

21. <u>Confidential Discovery Materials Returned</u>. Upon conclusion of this action, as to each person other than an individual Plaintiff (or his or her personal attorney), all confidential discovery materials supplied by these parties and non-parties and all copies thereof shall be returned to the producing party or non-party witness or such discovery material shall be certified to have been destroyed.

22. The parties to this action consent to entry of this Confidentiality Order.

| ADVOCATES FOR JUSTICE, | PORT AUTHORITY LAW DEPARTMENT |
|---|---|
| Chartered Attorneys | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | The Port Authority of New York and |
| Canan Kocar | New Jersey |
| By: *Laura Barbieri* (signature) | By: Cheryl Alterman |
| Laura Dawn Barbieri, Esq. | Cheryl Alterman, Esq. |
| 225 Broadway, Suite 1902 | 4 World Trade Center |
| New York, New York 10007 | 150 Greenwich Street, 24th Floor |
| (212) 285-1400, ext. 712 | New York, New York 10007 |
|  | (212) 435-3431 |

SO ORDERED

_____, 2020

_____
    HON. ANALISA TORRES
    United States District Judge