UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CANAN KOCAR,

                    Plaintiff,

          -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

                    Defendant.

Case No. 19-cv-11508 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

After a jury trial, the jury returned a verdict in favor of Defendant.  The Court Exhibits from the jury trial are appended to this Order:

- Court Ex. 1: Draft *Voir Dire* Questionnaire

- Court Ex. 2: Preliminary Jury Instructions

- Court Ex. 3: Final *Voir Dire* Questionnaire

- Court Ex. 4: Draft Verdict Form

- Court Ex. 5: Draft Jury Instructions

- Court Ex. 6: Final Jury Instructions

- Court Ex. 7: Final Verdict Form

Dated: January 26, 2024
          New York, New York

                                        SO ORDERED.

                                        *Jennifer Rochon*
                                        JENNIFER L. ROCHON
                                        United States District Judge

**Court Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CANON KOCAR,

                              Plaintiff,

                -against-                              Case No. 19-cv-11508 (JLR)

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

                              Defendant.

---

JENNIFER L. ROCHON, United States District Judge:

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question.  If your answer to a question is "no," you need not do anything.  <u>Do not write your name or make any other marks on the questionnaire.</u>  The only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

### A.  <u>General Questions</u>

1.  This trial is expected to last approximately ___ days.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end by _____?

2.  Do you have any personal knowledge of the allegations in this case as I have described them?

3.  Have you read or heard anything about this case through the media, the Internet, or any other source?

4.  Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5.  Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6.  Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or finding them liable?

7. If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

**B.  Knowledge of People or Places**

8. The plaintiff in this case is Canon Kocar.  Do you know, or have you had any dealings, directly or indirectly, with Canon Kocar?

9. The plaintiff will be represented at trial by attorneys Richard Soto from Advocates for Justice, Chartered Attorneys?  Do you know Mr. Soto or this firm?  Have you, or has anyone close to you, ever had any dealings with this attorney or his firm?

10. The defendant in this case is the Port Authority of New York and New Jersey, which I will sometimes refer to as the Port Authority.  Do you know, or have you had any dealings, directly or indirectly, with the Port Authority?  Has anyone close to you ever had any dealings with the Port Authority?

11. The defendants will be represented at trial by the Cheryl Alterman and Matthew Malysa of the Port Authority Law Department. Do you know any of these attorneys? Have you, or anyone close to you ever had any dealings with these attorneys or the Port Authority Law Department?

12. Do you know me, Judge Rochon, or have you had any prior experience in a case that was before me?

13. The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

    a. Canan Kocar

    b. Port Authority of New York and New Jersey ("Port Authority")

    c. Port Authority Police Department

    d. Port Newark, Marine Terminals

    e. Newark Liberty International Airport

    f. Captain John Denesopolis

    g. Lieutenant Michelle Serrano-Adorno

    h. Sergeant Patrick Monahan

    i. Sergeant Christopher Daly

    j. Michael Ford

    k. Brian Miller

l.      Edward Cetnar

m.      Erin McCotter

n.      Mary Lee Hannell

o.      Natalynn Dunson-Harrison

p.      Captain John Denesopolis

q.      Captain Gutch

r.      Dr. Howard Fischer

s.      Dr. Francis

t.      Michael Ford

u.      Kevin Fowler

v.      PBA attorney, John McAusland

w.      PBA President Paul Nunziato

x.      PBA therapist Dr. Peter Klein

y.      PBA Vice President Frank Conti

z.      Police Benevolent Association (PBA)

aa.     [Determine if others should be added]

Other than what you have disclosed in response to previous questions, do you know any of these individuals, entities, or places?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals, entities, or places?

## C.  Personal Experiences and Opinions

14.    Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

15.    Have you, or has anyone close to you, ever worked for or applied to work with the Port Authority or in law enforcement?

16.    Have you, or has anyone close to you, ever worked for or applied to work at Port Newark?

17.  Have any of your jobs caused you to work with the Port Authority, Port Newark, or any law enforcement office?

18.  Have you, has or anyone close to you, had an interaction with Port Authority police officer?

19.  Do you have any feelings or views about the Port Authority that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

20.  Have you ever served as a member of a grand jury?

21.  Have you ever served as a juror in any court?

22.  Have you or any member of your family ever been employed by the city, state or federal government?

23.  Have you ever been subject to discrimination based on gender, national origin, or religion?

24.  Have you or anyone close to you ever been wrongfully denied a promotion in your employment because of a discriminatory reason?

25.  Have you ever been in a position to evaluate people for promotion?

26.  Do you have any difficulty being fair and impartial in assessing the testimony of witnesses regardless of the witness's gender, race, national origin, religion, age, or disability?

27.  Do you have any difficulty being fair and impartial in assessing claims brought by a Muslim American individual?

**D.  Difficulties in Understanding or Serving**

28.  Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

29.  Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

30.  Do you have any difficulty in reading or understanding English?

31.  Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 1**

<u>Questions for Individual Jurors</u>

1. Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2. How old are you?

3. Do you rent or own your home?

4. How far did you go in school and what schools did you attend, beginning with high school?  (If college, what was your field of study in college?)

5. Are you employed?  If so, who is your employer and what are your general job duties?  (If retired or unemployed, please identify your last employer and general job duties.)

6. How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7. Who are the members of your household and for whom do they work?

8. If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9. Do you belong to any social, union, professional, political, or religious organizations or clubs?  If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)?  Which papers, shows, or sites in particular?

**Court Exhibit 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANON KOCAR,<br><br>                              Plaintiff,<br><br>                    -against-<br><br>PORT AUTHORITY OF NEW YORK AND<br>NEW JERSEY,<br><br>                              Defendant. | Case No. 19-cv-11508 (JLR) |

JENNIFER L. ROCHON, United States District Judge:

## <u>PRELIMINARY JURY INSTRUCTIONS</u>

**1.  Role of Judge and Jury**

    **A.** Now that you have been sworn, let me give you some instructions about your duties as jurors.  In the American system of justice, the judge and the jury have separate roles.

        **i.** My job is to instruct you as to the law that will govern this case, and I will give you most of those instructions at the very end of the trial, although I will give you some, including these, before the end.  You **<u>must</u>** take your instructions from the Court — that is, from me —and you are bound by those instructions.  You may not substitute your own ideas of what the law is or what you think the law should be.

        **ii.** Your job as jurors will be to determine the facts based on the evidence that comes in during the course of the trial.  You are the only deciders of the fact issues, and your determination of the facts will control.

        **iii.** Please do not take anything that I say or do during the course of the trial as indicating that I have a view as to your factual determination.  Those decisions are for you.

**iv.** At the conclusion of the case, your job will be to determine whether the plaintiff has proven its claims against the defendant according to my instructions on the law.

## 2. Order of Trial

**A.** Let me explain how the trial will proceed.

**B.** First, I will review some preliminary instructions on the legal claims in this case so that it is easier for you to put into context the evidence that will be presented.  I will also instruct you at the end of the case with these instructions and some additional ones, but it is sometimes helpful to understand the context of the claims before you start to hear the evidence.

**C.** The first/next step in the trial will be opening statements.  First, counsel for the plaintiff will make an opening statement, which is simply an outline to help you understand the evidence as it is presented.  Then counsel for the defendant will make an opening statement.  I instruct you, however, that opening statements are not evidence.

**D.** After opening statements, the plaintiff will present its evidence.  That evidence will consist of the testimony of witnesses as well as documents and exhibits.  The plaintiff's lawyers will examine the witnesses and then the defendant's lawyers may cross-examine them.  Because the plaintiff and defendant are calling some of the same witnesses, I will allow longer examinations for both sides so that each witness is called only once.  Following the plaintiff's case, the defendant may present a case and may call additional witnesses.  The plaintiff's lawyers will have the opportunity to cross-examine any witnesses testifying for the defendant.

**E.** After the presentation of evidence is completed, counsel for the parties will deliver their closing arguments to summarize and interpret the evidence.  Just as the lawyers' opening statements are not evidence, their closing arguments are not evidence either.

**F.** Following closing arguments, I will instruct you on the law.  Then you will retire to deliberate on your verdict, which must be unanimous, and must be based on the evidence presented at trial.

**G.** You may be asked to deliberate several different times on various issues here.  Please follow my instructions and I will guide you through the process that will be undertaken over the next week and a half.

**H.** It is important to remember that this is a civil case.  You may have heard of the "beyond a reasonable doubt" standard in criminal cases.  That requirement does <u>not</u> apply to a civil case and you should put it entirely out of your mind.  In civil cases, the burden is different and it is called proof by a "preponderance of the evidence."  To establish facts by a preponderance of the evidence means to prove that the facts are more likely true than not true.  I will, however, instruct you fully on the burden of proof after all of the evidence has been received.

**3.    What Is and Isn't Evidence**

**A.** What, then, is evidence?  Evidence consists only of the testimony of witnesses, documents and other things admitted as evidence, or any stipulations agreed to by the attorneys.  Some of you probably have heard the terms "circumstantial evidence" and "direct evidence."  Do not be concerned with these terms.  You are to consider all the evidence given in this trial.

**B.** Certain things are not evidence and must not be considered by you.  The following is a list of what is not evidence:

   **i.** <u>First</u>, statements and questions by any of the attorneys are not evidence.  Nor are statements I make or questions I ask of a witness.  And, as I said a moment ago, opening and closing statements by the parties are not evidence.

   **ii.** <u>Second</u>, objections to questions are not evidence.  Counsel for the parties are permitted to raise an objection when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objections or by my rulings on them.  If an objection is sustained, ignore the question and any answer that may have been given.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

   **iii.** <u>Third</u>, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

   **iv.** <u>Fourth</u>, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case based solely on the evidence presented here in the courtroom.

**C.** [IF DEMONSTRATIVES WILL BE USED:]  You may or may not be shown by the attorneys charts or summaries in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are called demonstratives.  They are

3

no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

   **i.** It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

**4.   Evaluating the Evidence**

  **A.** In deciding the facts of the case, you will have to decide the credibility of the witnesses — that is, how truthful and believable they are.  There is no formula to evaluate evidence.

   **i.** For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives.  Do not leave your common sense outside the courtroom.  The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any, to give to the evidence in this case.  You can apply the same tests here in this courtroom that you use in your everyday life when judging whether someone is telling you the truth:

      **a.** Did they appear to be telling the truth?

      **b.** Did they have a motive to tell you the truth or to lie?

      **c.** Did they appear to have a good recollection of the events they're describing?

   **ii.** Any test that you apply normally in making assessments of reliability and credibility, you can use here. Sometimes, of course, it's not what a witness says but how they say it that can be important to that determination.

  **B.** The law does not require you to accept all of the evidence admitted at trial.  In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

**C.** It is essential, however, that you keep an open mind until you have heard all of the evidence in the case.  A case can be presented only step by step, witness by witness.

**D.** As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event — or even the same person cross-examined with respect to the event — things may seem very different.  In other words, there may be another side to any witness's story.

**E.** You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances.  Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over.  You should not reach any conclusions until you have all the evidence before you.

**5.   Rules of Conduct**

**A.** Finally, let me caution you about certain rules and principles governing your conduct as jurors in this case.

    **i.** <u>First</u>, you must <u>not</u> talk to <u>each other</u> about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.  And why do we have that rule? We have that rule because we know it's human nature, if you start discussing something, you start expressing a point of view, and then you start defending the point of view, and then you start agreeing or disagreeing with each other.  We don't want you to do that until all the evidence is before you.  During deliberations, that's the time to discuss the case.  As I have said, keep an open mind until you start your deliberations at the end of the case.

    **ii.** <u>Second</u>, do <u>not</u> communicate with <u>anyone else</u> about this case or with anyone who has anything to do with it until the trial has ended and you have been discharged as jurors.  Anyone else includes members of your family and your friends.  And no communicating about the case means no communicating on Facebook, Twitter, blogs, whatever.  You may tell your family and friends that you are a juror in a criminal case, but please do not tell them anything else about it until you have been discharged by me.  Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

    **iii.** <u>Third</u>, do <u>not</u> let anyone talk to <u>you</u> about the case or about anyone who has anything to do with it.  If any person should attempt to communicate with you

5

about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy and to no one else.  When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

    **a.** To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day.  You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria.  Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

**iv.** <u>Fourth</u>, do <u>not</u> do any research or any investigation on your own about the case or about anyone who has anything to do with the case.  During the course of the trial, you will receive all the evidence you may properly consider to decide the case.  Because of this, unless and until you are excused as a juror, you should not attempt to gather any information on your own relating to the case.

    **a.** Do <u>not</u> engage in any outside reading on this case.

    **b.** Do <u>not</u> attempt to visit any places mentioned in the case.

    **c.** Do <u>not</u> use the Internet — Google, Facebook, Twitter, or any other social media site — to learn anything about the case or anyone involved in the case, including the lawyers, witnesses, or me.

    **d.** Do <u>not</u> do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

    **e.** The reason for these rules, as I am certain you understand, is that your decision in this case must be made solely on the evidence presented at trial, or lack of evidence.

**v.** I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

    **vi.** This is a public courtroom.  People can come and go.  It may be that you even know someone who enters this courtroom during this trial. If you do, that's fine.  Just let my Deputy know so that I can give you a separate instruction.

## 6.  Notetaking

**A.** <u>Finally</u>, each of you will be given a notebook and pen.  That is because I permit jurors to take notes.  But you do not have to take notes.  Notes are just an aid to your own recollection.  The court reporters in this case record everything that is said in the courtroom and any portion of the testimony can be read back to you during your deliberations.  If you do take notes, be aware that note-taking may distract you from something important that is happening on the witness stand.  Also, if you do take notes, please begin writing on the second page of your legal pad, and please put your juror number on the first page of the pad, so that we can be sure that only you will be making and reviewing the notes that are written in your pad.

**B.** I want to emphasize that your notes are not to be shared with fellow jurors during deliberations, that the fact that a juror has taken notes will not entitle him or her to any greater voice in the deliberations, and that a transcript will be available to all jurors if there is any difficulty remembering the testimony.  If you do take notes, all notes must be left each day in the jury room.  My Deputy will make sure that they are secure.

## 7.  Final Instructions

**A.** From this point until the time when you retire to deliberate, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  In that regard, please remember that the parties and counsel in this case have been instructed to have no contact with any of you.  So if you happen to see any of them outside this courtroom, and they do not acknowledge you, say hello, or make small talk, please do not take offense.  As I mentioned earlier, they are not being rude — they are simply following my instructions.

**B.** Now we will begin with the initial stage of the case, which, as I said to you, is opening statements, and we are going to begin with the plaintiff.  So at this time I am going to ask all of you to give your undivided attention to the lawyers as they make their opening statements.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CANAN KOCAR,

                              Plaintiff,

            -against-

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

                              Defendant.

Case No. 19-cv-11508 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question. If your answer to a question is "no," you need not do anything. <u>Do not write your name or make any other marks on the questionnaire.</u> The only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

## A. <u>General Questions</u>

1. Do you have any commitments that would interfere with your serving as a juror on this trial that is expected to end by Friday, January 26, 2024?

2. Do you have any personal knowledge of the allegations in this case as I have described them?

3. Have you read or heard anything about this case through the media, the Internet, or any other source?

4. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5. Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or finding them liable?

7. If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

**B.  Knowledge of People or Places**

8.    The plaintiff in this case is Canan Kocar.  Do you know, or have you had any dealings, directly or indirectly, with Canan Kocar?

9.    The plaintiff will be represented at trial by attorneys Laine Armstrong and Richard Soto from Advocates for Justice, Chartered Attorneys?  Do you know Ms. Armstrong, Mr. Soto, or this firm?  Have you, or has anyone close to you, ever had any dealings with these attorneys or their firm?

10.    The defendant in this case is the Port Authority of New York and New Jersey, which I will generally refer to as the Port Authority.  Do you know, or have you had any dealings, directly or indirectly, with the Port Authority?  Has anyone close to you ever had any dealings with the Port Authority?

11.    The defendants will be represented at trial by Cheryl Alterman and Matthew Malysa of the Port Authority Law Department. Do you know any of these attorneys?  Have you, or anyone close to you ever had any dealings with these attorneys or the Port Authority Law Department?

12.    Do you know me, Judge Rochon, or have you had any prior experience in a case that was before me?

13.    The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

        a.    Canan Kocar

        b.    Port Authority of New York and New Jersey ("Port Authority")

        c.    Port Authority Police Department

        d.    Nathan McMurray

        e.    Brian Miller

        f.    Captain Gutch

        g.    Captain John Denesopolis

        h.    HR Director Michael Ford

        i.    Inspector Kevin Fowler

        j.    Lieutenant Michelle Serrano-Adorno

        k.    Natalynn Dunson-Harrison

        l.    Muslim or Islam

m.      New Jersey Marine Terminal

n.      Newark Airport

o.      Police Benevolent Association (PBA)

p.      Port Authority Promotional Review Board

q.      Port Authority Public Safety Committee

r.      Port Newark

s.      Sergeant Christopher Daly

t.      Sergeant Patrick Monahan

u.      Sergeant Thomas Bongiovanni (now a Lt.)

v.      The Equal Employment Opportunity Commission or EEOC

w.      The Port Authority's Office Equal Employment Opportunity Compliance, Diversity and Inclusion (EEO)

x.      Edward Cetnar

y.      Erin McCotter

z.      Mary Lee Hannell

Other than what you have disclosed in response to previous questions, do you know any of these individuals, entities, or items?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals, entities, or items?

## C.  Personal Experiences and Opinions

**For the questions in this section, if your answer is yes, please also answer this follow-up question: Is there anything about that experience that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?  If the matter is sensitive, it can be discussed at the bench.**

14.    Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

15.    Have you, or has anyone close to you, ever worked for or applied to work with the Port Authority or in law enforcement?

16.    Have you, or has anyone close to you, ever worked for or applied to work at Port Newark?

17. Have any of your jobs caused you to work with the Port Authority, Port Newark, or any law enforcement office?

18. Have you, has or anyone close to you, had an interaction with Port Authority police officer?

19. Do you have any feelings or views about the Port Authority that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

20. Have you ever served as a member of a grand jury?

21. Have you ever served as a juror in any court?

22. Have you or any member of your family ever been employed by the city, state or federal government?

23. Have you ever been subject to discrimination based on gender, national origin, or religion?

24. Have you or anyone close to you ever been wrongfully denied a promotion in your employment because of a discriminatory reason?

25. Have you ever been in a position to evaluate people for promotion?

26. Have you ever been a party to a lawsuit, criminal or civil?

27. Do you have any difficulty being fair and impartial in assessing the testimony of witnesses regardless of the witness's gender, race, national origin, religion, age, or disability?

28. Do you have any difficulty being fair and impartial in assessing claims brought by a Muslim American individual?

**D. Difficulties in Understanding or Serving**

29. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

30. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

31. Do you have any difficulty in reading or understanding English?

32. Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

<u>Questions for Individual Jurors</u>

1. Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2. How old are you?

3. Do you rent or own your home?

4. How far did you go in school and what schools did you attend, beginning with high school?  (If college, what was your field of study in college?)

5. Are you employed?  If so, who is your employer and what are your general job duties?  (If retired or unemployed, please identify your last employer and general job duties.)

6. How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7. Who are the members of your household and for whom do they work?

8. If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9. Do you belong to any social, union, professional, political, or religious organizations or clubs?  If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)?  Which papers, shows, or sites in particular?

**Court Exhibit 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CANON KOCAR,

                              Plaintiff,

          -against-                                         Case No. 19-cv-11508 (JLR)

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

                              Defendant.

JENNIFER L. ROCHON, United States District Judge:

**<u>VERDICT FORM</u>**

**Court Exhibit 4**

**<u>All Jurors must agree unanimously to the answers to each question.</u>**

**Question 1**: **Liability for Failure to Promote**

Did the Plaintiff prove by a preponderance of the evidence that the Defendant discriminated against her on the basis of her religion, gender, and/or national origin when it failed to promote her to the rank of Detective?

   Yes _____     No _____

*If you answered YES to this question, proceed to Question 2.*
*If you answered NO to this question, your deliberations are finished and you should proceed to the last page of the Verdict Form (page 2) to sign the Verdict Form.*

**Question 2:  Damages**

2(a) Did the Plaintiff prove by a preponderance of the evidence that she is entitled to backpay as compensatory damages for the failure to promote?

   Yes _____     No _____

   If yes, in what amount? $ _____

2(b) Did the Plaintiff prove by a preponderance of the evidence that she suffered emotional distress because of the Port Authority's discrimination and is entitled to emotional distress damages?

   Yes _____     No _____

   If yes, in what amount? $ _____

2(c) If you answered "no" to questions 2(a) and 2(b) and "yes" to question 1, did the plaintiff establish by a preponderance of the evidence that she is entitled to nominal damages in the amount of $1? **Do not answer question 2(c) if you answered "YES " to either question 2(a) or 2(b).**

   Yes _____     No _____

*(Please proceed to the last page, page 2)*

1

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

_____        _____
Foreperson


_____        _____


_____        _____


_____        _____


Dated:        _____

**Court Exhibit 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CANAN KOCAR,

                              Plaintiff,

              -against-                                    Case No. 19-cv-11508 (JLR)

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

                              Defendant.

JENNIFER L. ROCHON, United States District Judge:

# JURY INSTRUCTIONS

# TABLE OF CONTENTS

I.    GENERAL INSTRUCTIONS ................................................................. 1

    A.    Introductory Remarks ........................................................... 1

    B.    Role of the Court ................................................................... 1

    C.    Role of the Jury ..................................................................... 2

    D.    Role of Counsel ..................................................................... 2

    E.    Sympathy or Bias .................................................................. 3

    F.    Burden of Proof ..................................................................... 4

    G.    What Is and Is Not Evidence ................................................ 5

    H.    Direct and Circumstantial Evidence ..................................... 6

    I.    Witness Credibility ............................................................... 7

    J.    Prior Inconsistent Statement ................................................ 9

    K.    Stipulations ......................................................................... 10

    L.    Available Evidence ............................................................. 10

II.   SUBSTANTIVE INSTRUCTIONS .................................................... 11

    A.    Summary of the Claim ........................................................ 11

    B.    Title VII Failure to Promote Claim .................................... 11

    C.    Reason for Employment Action .......................................... 12

III.  DAMAGES .......................................................................................... 13

    A.    Purpose of Damages ........................................................... 14

    B.    Compensatory Damages ..................................................... 15

    C.    Back Pay ............................................................................. 15

    D.    Emotional Distress Damages .............................................. 15

    E.    Nominal Damages ............................................................... 16

IV.   DELIBERATIONS OF THE JURY ................................................... 17

    A.    Selection and Duties of Foreperson .................................... 17

    B.    Right to See Exhibits and Hear Testimony; Communication with the Court ....... 17

    C.    Notes .................................................................................. 18

    D.    Duty to Deliberate; Unanimous Verdict ............................. 18

    E.    Verdict Form ...................................................................... 19

    F.    Return of Verdict ................................................................ 20

V.    CONCLUSION .................................................................................... 20

# I.    GENERAL INSTRUCTIONS

## A.    Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

Listening to these instructions may not be easy because they are long and extensive.  It is important, however, that you listen carefully and concentrate.  I ask for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedures and deliberations.

## B.    Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to

legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.      Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law. Do not speculate on matters not in evidence or outside of the case.

### D.      Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.      Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial. Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence.

You may not consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, gender, age, sexual orientation, gender presentation, disability, health conditions, or physical appearance of any party, witness, or lawyer. It is equally improper for you to allow any personal feeling that you might have about the nature of the claims or defenses to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

3

The case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All parties, including the governmental entity here, are entitled to the same fair trial by you.  They stand equal before the law, and are to be dealt with as equals in this Court.

**F.      Burden of Proof**

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.  As this is a civil case, the standard of proof is a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing their position on that issue by a preponderance of the evidence.  If you conclude that the party who has the burden of proof on an issue has failed to establish their position by a preponderance of the evidence, you must decide against that party on that issue.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof

need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

### G.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection. Some exhibits have redactions on them, or places where the text has been blocked out.  You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your

verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness's testimony as evidence.  It is the witnesses' answers to those questions or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### H.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard.  For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, that was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence. Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence. The plaintiff asks you to draw one set of inferences. The defendants ask you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

Let me state a final point: when you are determining issues of fact, you are weighing the evidence. You determine whether evidence should be given no weight, some weight, or a lot of weight. The weighing of evidence should be based on your judgment of all relevant facts and circumstances.

**I.      Witness Credibility**

You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection

viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?   These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.  Often it is not what a person says but how he or she says it that moves us.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony.  You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case.  Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties.  Such bias or interest in the outcome creates a motive to testify falsely.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony that you find credible or that you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

### J.      Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made statements on earlier occasions that counsel argue are inconsistent with their trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of any such prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself. If you find that a witness made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to

determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**K.**      **Stipulations**

A stipulation of facts is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.  Here the parties have stipulated to the following:

1.  Plaintiff Canan Kocar identifies as female; her national origin is Turkish, and her religion is Muslim, also known as Islam.

2.  Plaintiff Kocar joined the Port Authority in 2002 and has worked for the Port Authority for approximately 21 years.

3.  When Plaintiff Kocar commenced this case in 2019, she was still at the rank of Police Officer.

4.  Plaintiff Kocar applied for and was promoted to the rank of Sergeant on November 27, 2022.

**L.**      **Available Evidence**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Each party had an equal opportunity or lack of opportunity to call any witness.  Therefore, you should not draw any inference or reach any conclusions as to what any uncalled witness would have said if the witness had been called.  The absence of any witness should not affect your judgment in any way.

10

## II.    SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

### A.    Summary of the Claim

The Plaintiff in this case—the party who brought the case—is Officer Canan Kocar. The defendant is the Port Authority of New York and New Jersey, which I will refer to as the Port Authority.

There is one claim in this case for your consideration.  Officer Kocar claims that the Port Authority intentionally discriminated against her by failing to promote her to the rank of Detective in June 2019 because of her female gender, her Turkish national origin, and/or her Muslim religion.  Port Authority denies that it discriminated against Officer Kocar in any way. It is your responsibility to decide whether Officer Kocar has proven by a preponderance of the evidence her claim of intentional discrimination by the Port Authority in failing to promote her to Detective in June 2019.

### B.    Title VII Failure to Promote Claim

Officer Kocar brings her claim under Title VII of the Civil Rights Act of 1964, often referred to as "Title VII."  Title VII provides that:

> It shall be an unlawful employment practice for an employer—
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his [or her] employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his [or her] status as an employee, because of such individual's race, color, religion, sex, or national origin.

In order to succeed on her claim of discrimination, Officer Kocar must prove by a preponderance of the evidence that the Port Authority intentionally discriminated against her

11

by failing to promote her to the rank of Detective in June 2019 because of her religion, gender, or national origin.  She must prove that she was qualified for the promotion but that she was not promoted because of her religion, gender, or national origin.  When I say "because of," I mean that Officer Kocar must prove by a preponderance of the evidence that her religion, gender, or national origin was a motivating factor in the Port Authority's decision not to promote her.  Officer Kocar need not, however, establish that her religion, gender, or national origin was the sole or principal reason for the decision.

Officer Kocar must show that the Port Authority intentionally discriminated against her. She is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.  However, the mere fact that Officer Kocar is a Turkish woman who practices the Muslim religion and was not promoted is not sufficient, in and of itself, to establish Plaintiff's claim under the law.

As I mentioned earlier in the trial, you heard testimony that Officer Kocar complained about Lt. Bongiovanni's conduct while they were working at the Port Newark command.  This court has already determined as a matter of law that Lt. Bongiovanni's conduct did not violate the law and did not create a hostile work environment.  This evidence was offered only as background information for your consideration in determining whether there was evidence of discriminatory animus in the Port Authority's failure to promote Officer Kocar  to detective in 2019.  You may not consider this testimony for any other purpose.

### C.    Reason for Employment Action

The Port Authority contends that it had legitimate nondiscriminatory reasons for not promoting Officer Kocar.  Officer Kocar responds that the defendant's explanations for its decision are pretextual, *i.e.*, that they are unworthy of belief and were not in fact motivating factors.  When you consider this issue, you are not to judge the wisdom of the Port Authority's

actions, but instead, to decide whether the reasons advanced by the Port Authority were the actual reasons for its action.

An employer is entitled to make its own decisions about how to run its business.  For instance, an employer is entitled to create its own process for hiring new employees, training them, promoting them, and discharging employees who do not meet its expectations.  An employer is entitled to make those decisions for good reasons, bad reasons, or for no reason at all, so long as the decision is not motivated by discrimination.  Port Authority is therefore entitled to set its own expectations and requirements as to what constitutes satisfactory work performance and the basis for promotional opportunities.  You are not to judge the Port Authority's standards in that regard, but rather your task is to decide whether Officer Kocar has proven that it is more likely than not that her gender, national origin, or religion were a motivating factor in why she was not promoted to detective in 2019.

If you believe that the reasons the Port Authority has given for its decision to not promote Officer Kocar are false, you may infer, but are not required to, that the Port Authority acted as it did based on Officer Kocar's religion, gender, or national origin.  Finding that the Port Authority's proffered reasons for its employment decision were false, however, does not necessarily mean that the true motive was the illegal one argued by Officer Kocar.  In other words, you may infer the ultimate fact of discrimination from the falsity of the employer's explanation, but you are not required to do so.

### III.   DAMAGES

If Officer Kocar has proven by a preponderance of the evidence that the Port Authority is liable on her claim, then you must determine the damages to which she is entitled.

13

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event that you should find that Officer Kocar has established liability on a claim in accordance with my other instructions.  Your decision on whether to award damages and the amount must be unanimous.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

### A.      Purpose of Damages

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights.  If you find the Port Authority liable, then you must award Officer Kocar sufficient damages to compensate her for any injury caused by the conduct of the Port Authority.

The damages that you award must be fair and reasonable, that is, they should be neither inadequate nor excessive.  You must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required.  In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

### B.    Compensatory Damages

If you find that the Port Authority is liable for Officer Kocar's claim, then you must award Officer Kocar sufficient damages to compensate her for any injury she actually sustained as a direct consequence of the Port Authority's conduct that was a violation of Officer Kocar's rights.  These damages are known as compensatory damages.

The damages that you award must be fair compensation for the loss, if any, which resulted from the Port Authority's wrongful conduct—no more and no less.  The purpose of these damages is to make the plaintiff whole—to put her in the same position that she would have been in had there been no violation of her rights.  The purpose is not to punish the defendant.  You should also not award compensatory damages for speculative injuries, but only for those injuries which Officer Kocar has actually suffered because of the violation.

### C.    Back Pay

If you find that the Port Authority discriminated against Officer Kocar because of her gender, religion or national origin, then Officer Kocar is entitled to the back pay that she would have earned if the Port Authority had not discriminated against her.  This amount consists of the wages and benefits, including salary increases and the value of her pension, that Officer Kocar would have obtained from the time that she was denied promotion by the Port Authority until the time of this trial, minus any earnings or benefits that Officer Kocar received from her employment during this period.

### D.    Emotional Distress Damages

Compensatory damages may also include compensation for pain, suffering, humiliation, mental anguish, or emotional distress.  Officer Kocar seeks emotional distress damages only for the emotional distress that she allegedly suffered as a result of the Port Authority's failure to promote her to the rank of detective in 2019.  Therefore, if you find the Port Authority liable,

15

you may award emotional distress damages only for the emotional distress that was proximately caused by failing to promote Officer Kocar to detective in 2019.

In order to recover damages for mental and emotional distress, Officer Kocar must present credible evidence with respect to the claimed distress.  Officer Kocar's testimony about her emotional pain, fear, humiliation, and mental anguish is sufficient to support a damages award for emotional and mental distress only if you find that the circumstances of the violation reasonably could have caused such emotional pain, fear, humiliation, and mental anguish.

Psychiatric or other medical treatment is not a precondition to recovery.  Nor is Officer Kocar required to prove her claim through expert medical testimony.  There is no requirement that evidence of the monetary value of such intangible things as mental anguish be introduced.   Any award you make should be fair in light of the evidence presented at trial.

Finally, you may not award Officer Kocar damages for any injury or condition that existed prior to the wrongful conduct for which you found the Port Authority liable, or for any injury that arose from actions other than the failure to promote her to detective in 2019.

### E.    Nominal Damages

If you determine that Officer Kocar has proven that the Port Authority violated her rights under Title VII, but that she suffered no injury as a result of this violation, you must award her what is called "nominal damages."   Nominal damages are awarded as a recognition that the plaintiff's rights have been violated.  You should award nominal damages of one dollar if you conclude that the only injury that Officer Kocar suffered was the deprivation of her rights under Title VII, without any actual damages.

You also may award nominal damages of one dollar if, upon finding that some injury resulted from the deprivation of Officer Kocar's rights, you find that you are unable to compute

16

monetary damages except by engaging in pure speculation and guessing.  You may not award both nominal and actual damages to the plaintiff; either she experienced actual damages, in which case you must award compensatory damages, or else she did not, in which case you must award nominal damages.  Nominal damages may not be awarded for more than a token sum.

## IV.   DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.   Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson.  Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory.  You are free to select any member as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

### B.   Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

17

Your requests for testimony – in fact <u>any</u> communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court.

### C.       Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. Do not share your notes with other jurors during deliberations. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### D.       Duty to Deliberate; Unanimous Verdict

Shortly, you will retire to decide the case. You are not to discuss the case unless and until all jurors are present. A majority of jurors together is only a gathering of individuals. Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions

18

dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case. Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until it is presented in open court.

### E.    Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did, it would not be binding on you.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed. Remember, all answers must be unanimous.

19

**F.      Return of Verdict**

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## V.      CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

**Court Exhibit 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CANAN KOCAR,

                          Plaintiff,

              -against-                                    Case No. 19-cv-11508 (JLR)

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

                          Defendant.

JENNIFER L. ROCHON, United States District Judge:

## JURY INSTRUCTIONS

# TABLE OF CONTENTS

I.   GENERAL INSTRUCTIONS ................................................................... 1
    A.   Introductory Remarks ................................................................ 1
    B.   Role of the Court ...................................................................... 1
    C.   Role of the Jury ........................................................................ 2
    D.   Role of Counsel ........................................................................ 2
    E.   Sympathy or Bias ..................................................................... 3
    F.   Burden of Proof ........................................................................ 4
    G.   What Is and Is Not Evidence ................................................... 5
    H.   Direct and Circumstantial Evidence ...................................... 6
    I.   Witness Credibility .................................................................. 7
    J.   Prior Inconsistent Statement ................................................... 9
    K.   Stipulations ............................................................................ 10
    L.   Available Evidence ................................................................ 10

II.   SUBSTANTIVE INSTRUCTIONS ................................................... 11
    A.   Summary of the Claim ........................................................... 11
    B.   Title VII Failure to Promote Claim ...................................... 11
    C.   Reason for Employment Action ............................................ 13

III.   DAMAGES ............................................................................................ 14
    A.   Purpose of Damages ............................................................. 14
    B.   Compensatory Damages ....................................................... 15
    C.   Back Pay ................................................................................ 15
    D.   Emotional Distress Damages ................................................ 16
    E.   Nominal Damages ................................................................. 16

IV.   DELIBERATIONS OF THE JURY .................................................. 17
    A.   Selection and Duties of Foreperson ..................................... 17
    B.   Right to See Exhibits and Hear Testimony; Communication with the Court ....... 18
    C.   Notes ...................................................................................... 18
    D.   Duty to Deliberate; Unanimous Verdict ............................... 18
    E.   Verdict Form .......................................................................... 20
    F.   Return of Verdict ................................................................... 20

V.   CONCLUSION ...................................................................................... 20

# I.   GENERAL INSTRUCTIONS

## A.   Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

Listening to these instructions may not be easy because they are long and extensive.  It is important, however, that you listen carefully and concentrate.  I ask for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedures and deliberations.

## B.   Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to

legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.     Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law. Do not speculate on matters not in evidence or outside of the case.

### D.     Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

2

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.     Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial. Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence.

You may not consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, gender, age, sexual orientation, gender presentation, disability, health conditions, or physical appearance of any party, witness, or lawyer. It is equally improper for you to allow any personal feeling that you might have about the nature of the claims or defenses to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

The case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All parties, including the governmental entity here, are entitled to the same fair trial by you.  They stand equal before the law, and are to be dealt with as equals in this Court.

### F.      Burden of Proof

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.  As this is a civil case, the standard of proof is a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing their position on that issue by a preponderance of the evidence.  If you conclude that the party who has the burden of proof on an issue has failed to establish their position by a preponderance of the evidence, you must decide against that party on that issue.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof

need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

### G.      What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection. Some exhibits have redactions on them, or places where the text has been blocked out.  You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your

verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness's testimony as evidence.  It is the witnesses' answers to those questions or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### H.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict.  One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard.  For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, that was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.  As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The plaintiff asks you to draw one set of inferences.  The defendants ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

Let me state a final point:  when you are determining issues of fact, you are weighing the evidence.  You determine whether evidence should be given no weight, some weight, or a lot of weight.  The weighing of evidence should be based on your judgment of all relevant facts and circumstances.

## I.    Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection

7

viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.  Often it is not what a person says but how he or she says it that moves us.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony.  You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case.  Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties.  Such bias or interest in the outcome creates a motive to testify falsely.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony that you find credible or that you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

### J.    Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made statements on earlier occasions that counsel argue are inconsistent with their trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of any such prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself. If you find that a witness made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to

determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### K.    Stipulations

A stipulation of facts is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.  Here the parties have stipulated to the following:

1. Plaintiff Canan Kocar identifies as female; her national origin is Turkish, and her religion is Muslim, also known as Islam.

2. Plaintiff Kocar joined the Port Authority in 2002 and has worked for the Port Authority for approximately 21 years.

3. When Plaintiff Kocar commenced this case in 2019, she was still at the rank of Police Officer.

4. Plaintiff Kocar applied for and was promoted to the rank of Sergeant on November 27, 2022.

### L.    Available Evidence

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Each party had an equal opportunity or lack of opportunity to call any witness. Therefore, you should not draw any inference or reach any conclusions as to what any uncalled witness would have said if the witness had been called.  The absence of any witness should not affect your judgment in any way.

10

## II.   SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

### A.   Summary of the Claim

The Plaintiff in this case—the party who brought the case—is Officer Canan Kocar. The defendant is the Port Authority of New York and New Jersey, which I will refer to as the Port Authority.

There is one claim in this case for your consideration.  Officer Kocar claims that the Port Authority intentionally discriminated against her by failing to promote her to the rank of Detective in June 2019 because of her female gender, her Turkish national origin, and/or her Muslim religion.  Port Authority denies that it discriminated against Officer Kocar in any way. It is your responsibility to decide whether Officer Kocar has proven by a preponderance of the evidence her claim of intentional discrimination by the Port Authority in failing to promote her to Detective in June 2019.

### B.   Title VII Failure to Promote Claim

Officer Kocar brings her claim under Title VII of the Civil Rights Act of 1964, often referred to as "Title VII."  Title VII provides that:

> It shall be an unlawful employment practice for an employer—
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his [or her] employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his [or her] status as an employee, because of such individual's race, color, religion, sex, or national origin.

Generally, if a supervisor performs an act motivated by discriminatory animus that is intended to cause an adverse employment action, and if that act is relied on by the employer

11

and is a substantial factor in the ultimate employment action, then the employer is liable for discrimination.

In order to succeed on her claim of discrimination, Officer Kocar must prove by a preponderance of the evidence that her employer Port Authority intentionally discriminated against her by failing to promote her to the rank of Detective in June 2019 because of her religion, gender, or national origin.  She must prove that she was qualified for the promotion but that she was not promoted because of her religion, gender, or national origin.  When I say "because of," I mean that Officer Kocar must prove by a preponderance of the evidence that her religion, gender, or national origin was a motivating factor in the Port Authority's decision not to promote her.  Officer Kocar need not, however, establish that her religion, gender, or national origin was the sole or principal reason for the decision. Officer Kocar must show that the Port Authority intentionally discriminated against her.  She is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.  However, the mere fact that Officer Kocar is a Turkish woman who practices the Muslim religion and was not promoted is not sufficient, in and of itself, to establish Plaintiff's claim under the law.

You have heard testimony regarding anti-discrimination policies.  It is not a defense to a claim of discrimination that an employer has adopted anti-discrimination policies or provided training on those policies if the employer fails to enforce those policies.

As I mentioned earlier in the trial, you heard testimony that Officer Kocar complained about Lt. Bongiovanni's conduct while they were working at the Port Newark command.  This court has already determined as a matter of law that Lt. Bongiovanni's conduct did not violate the law and did not create a hostile work environment.  This evidence was offered only as

background information for your consideration in determining whether there was evidence of discriminatory animus in the Port Authority's failure to promote Officer Kocar  to detective in 2019.  You may not consider this testimony for any other purpose.

C.     **Reason for Employment Action**

The Port Authority contends that it had legitimate nondiscriminatory reasons for not promoting Officer Kocar.  Officer Kocar responds that the defendant's explanations for its decision are pretextual, *i.e.*, that they are unworthy of belief and were not in fact motivating factors.  When you consider this issue, you are not to judge the wisdom of the Port Authority's actions, but instead, to decide whether the reasons advanced by the Port Authority were the actual reasons for its action.

An employer is entitled to make its own decisions about how to run its business.  For instance, an employer is entitled to create its own process for hiring new employees, training them, promoting them, and discharging employees who do not meet its expectations.  An employer is entitled to make those decisions for good reasons, bad reasons, or for no reason at all, so long as the decision is not motivated by discrimination.  Port Authority is therefore entitled to set its own expectations and requirements as to what constitutes satisfactory work performance and the basis for promotional opportunities.  You are not to judge the Port Authority's standards in that regard, but rather your task is to decide whether Officer Kocar has proven that it is more likely than not that her gender, national origin, or religion were a motivating factor in why she was not promoted to detective in 2019.

If you believe that the reasons the Port Authority has given for its decision to not promote Officer Kocar are false, you may infer, but are not required to, that the Port Authority acted as it did based on Officer Kocar's religion, gender, or national origin.  Finding that the Port Authority's proffered reasons for its employment decision were false, however, does not

13

necessarily mean that the true motive was the illegal one argued by Officer Kocar. In other words, you may infer the ultimate fact of discrimination from the falsity of the employer's explanation, but you are not required to do so.

### III.    DAMAGES

If Officer Kocar has proven by a preponderance of the evidence that the Port Authority is liable on her claim, then you must determine the damages to which she is entitled.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event that you should find that Officer Kocar has established liability on a claim in accordance with my other instructions. Your decision on whether to award damages and the amount must be unanimous.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

#### A.    Purpose of Damages

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights. If you find the Port Authority liable, then you must award Officer Kocar sufficient damages to compensate her for any injury caused by the conduct of the Port Authority.

The damages that you award must be fair and reasonable, that is, they should be neither inadequate nor excessive. You must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the

circumstances permit.  Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required.  In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

### B.     Compensatory Damages

If you find that the Port Authority is liable for Officer Kocar's claim, then you must award Officer Kocar sufficient damages to compensate her for any injury she actually sustained as a direct consequence of the Port Authority's conduct that was a violation of Officer Kocar's rights.  These damages are known as compensatory damages.

The damages that you award must be fair compensation for the loss, if any, which resulted from the Port Authority's wrongful conduct—no more and no less.  The purpose of these damages is to make the plaintiff whole—to put her in the same position that she would have been in had there been no violation of her rights.  The purpose is not to punish the defendant.  You should also not award compensatory damages for speculative injuries, but only for those injuries which Officer Kocar has actually suffered because of the violation.

### C.     Back Pay

If you find that the Port Authority discriminated against Officer Kocar because of her gender, religion or national origin, then Officer Kocar is entitled to the back pay that she would have earned if the Port Authority had not discriminated against her.  This amount consists of the wages, including salary increases, that Officer Kocar would have obtained from the time that she was denied promotion by the Port Authority until the time of this trial, minus any earnings that Officer Kocar received from her employment during this period.

### D.        Emotional Distress Damages

Compensatory damages may also include compensation for pain, suffering, humiliation, mental anguish, or emotional distress.  Officer Kocar seeks emotional distress damages only for the emotional distress that she allegedly suffered as a result of the Port Authority's failure to promote her to the rank of detective in 2019.  Therefore, if you find the Port Authority liable, you may award emotional distress damages only for the emotional distress that was proximately caused by failing to promote Officer Kocar to detective in 2019.

In order to recover damages for mental and emotional distress, Officer Kocar must present credible evidence with respect to the claimed distress.  Officer Kocar's testimony about her emotional pain, fear, humiliation, and mental anguish is sufficient to support a damages award for emotional and mental distress only if you find that the circumstances of the violation reasonably could have caused such emotional pain, fear, humiliation, and mental anguish.

Psychiatric or other medical treatment is not a precondition to recovery.  Nor is Officer Kocar required to prove her claim through expert medical testimony.  There is no requirement that evidence of the monetary value of such intangible things as mental anguish be introduced.   Any award you make should be fair in light of the evidence presented at trial.

Finally, you may not award Officer Kocar damages for any injury or condition that existed prior to the wrongful conduct for which you found the Port Authority liable, or for any injury that arose from actions other than the failure to promote her to detective in 2019.

### E.        Nominal Damages

If you determine that Officer Kocar has proven that the Port Authority violated her rights under Title VII, but that she suffered no injury as a result of this violation, you must award her what is called "nominal damages."   Nominal damages are awarded as a recognition that the

plaintiff's rights have been violated.  You should award nominal damages of one dollar if you conclude that the only injury that Officer Kocar suffered was the deprivation of her rights under Title VII, without any actual damages.

You also may award nominal damages of one dollar if, upon finding that some injury resulted from the deprivation of Officer Kocar's rights, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.  You may not award both nominal and actual damages to the plaintiff; either she experienced actual damages, in which case you must award compensatory damages, or else she did not, in which case you must award nominal damages.  Nominal damages may not be awarded for more than a token sum.

## IV.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson.  Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory.  You are free to select any member as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

**B.      Right to See Exhibits and Hear Testimony; Communication with the Court**

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact <u>any</u> communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court.

**C.      Notes**

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**D.      Duty to Deliberate; Unanimous Verdict**

Shortly, you will retire to decide the case.  You are not to discuss the case unless and until all jurors are present.  A majority of jurors together is only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until it is presented in open court.

### E.      Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.  I have no such opinion, and even if I did, it would not be binding on you.

You should answer every question except where the verdict form indicates otherwise.  You should also proceed through the questions in the order in which they are listed.  Remember, all answers must be unanimous.

### F.      Return of Verdict

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## V.      CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

**Court Exhibit 7**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CANON KOCAR,

Plaintiff,

-against-

Case No. 19-cv-11508 (JLR)

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

Defendant.

JENNIFER L. ROCHON, United States District Judge:

## VERDICT FORM

i

**Court Exhibit 7**

**All Jurors must agree unanimously to the answers to each question.**

**Question 1**: **Liability for Failure to Promote**

Did the Plaintiff prove by a preponderance of the evidence that the Defendant discriminated against her on the basis of her religion, gender, and/or national origin when it failed to promote her to the rank of Detective in 2019?

Yes _____          No _____✓_____

*If you answered YES to this question, proceed to Question 2.*
*If you answered NO to this question, your deliberations are finished and you should proceed to the last page of the Verdict Form (page 2) to sign the Verdict Form.*

**Question 2:  Damages**

2(a) Did the Plaintiff prove by a preponderance of the evidence that she is entitled to backpay as compensatory damages for the failure to promote?

Yes _____          No _____

If yes, in what amount? $ _____

2(b) Did the Plaintiff prove by a preponderance of the evidence that she suffered emotional distress because of the Port Authority's discrimination and is entitled to emotional distress damages?

Yes _____          No _____

If yes, in what amount? $ _____

2(c) If you answered "no" to questions 2(a) and 2(b) and "yes" to question 1, did the plaintiff establish by a preponderance of the evidence that she is entitled to nominal damages in the amount of $1? **Do not answer question 2(c) if you answered "YES " to either question 2(a) or 2(b).**

Yes _____          No _____

*(Please proceed to the last page, page 2)*

1

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.



Dated: _____ 1/25/24 _____